UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


(ELECTRONICALLY FILED)


CIVIL ACTION NO.  3:18-cv-717-RGJ

UNITED STATES OF AMERICA                                                PLAINTIFF

v.


DONNA M. WARREN                                                         DEFENDANTS
9616 Fairmont Road
Louisville, KY 40291-3128

ANY UNKNOWN SPOUSE OF DONNA M. WARREN
SERVE: Warning Order Attorney

CASHLAND FINANCIAL SERVICES, INC.
SERVE: Morgan & Pottinger, P.S.C.
204 East Market Street
Louisville, KY 40202
And
SERVE: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

FFS, INC.
SERVE: James T. Hart, Attorney
525 Vine Street, Suite 800
Cincinnati, OH 45202
And
SERVE: David Flick, Registered Agent
2844 Crescent Spring Road
Erlanger, KY 41018

TD BANK USA, N.A., in Successor in
Interest to Target National Bank
SERVE: Robert K. Hogan, Attorney
Javitch Block LLC
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114-2518

ANY UNKNOWN OCCUPANT(S), TENANT(S) OR LESSEE(S) OF
7725 THIRD STREET ROAD, LOUISVILLE, KENTUCKY
SERVE: Warning Order Attorney

## COMPLAINT FOR FORECLOSURE

Plaintiff, the United States of America, by counsel, for its complaint against the defendants named herein, states:

1.      This is a mortgage foreclosure action brought by the United States of America on behalf of its agency, the Department of Housing and Urban Development ("HUD").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      On September 20, 2010, Donna M. Warren (hereinafter "the Borrower"), for value, executed and delivered to MetLife Home Loans, a Division of MetLife Bank, N.A. (the "Initial Lender") a Promissory Note (the "First Note") in the principal amount of $285,000.00, bearing interest at the rate of 5.560 percent per annum.  A copy of the First Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      Contemporaneously with the execution of the First Note and to secure its payment, the Borrower executed and delivered to MetLife Home Loans, a Division of MetLife Bank, N.A., an Adjustable Rate Home Equity Conversion Mortgage Real Estate Mortgage (the "First Mortgage") encumbering the real property including all fixtures, improvements and appurtenances thereto (the "Property") at 7725 Third Street Road, Louisville, Jefferson County, Kentucky, which Property is described in more detail in the First Mortgage.  The First Mortgage was recorded on September 27, 2010, in Mortgage Book 12143, Page 375, in the Office of the

Clerk of Jefferson County, Kentucky.  The First Mortgage is attached as **Exhibit B**, and is incorporated by reference as if set forth fully herein.

5. Contemporaneously with the execution of the First Note, the Borrower executed and delivered to HUD a second Promissory Note ("the Second Note"), which is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6. Contemporaneously with the execution of the Second Note, the Borrower executed and delivered to HUD a second Adjustable Rate Home Equity Conversion Mortgage Real Estate Mortgage ("the Second Mortgage") encumbering the same Real Property secured by the First Mortgage.  This Second Mortgage was recorded on September 27, 2010, in Mortgage Book 12143, Page 385, in the Office of the Clerk of Jefferson County, Kentucky, and is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.

7. On or about July 27, 2012, the Initial Lender assigned the First Note and First Mortgage to Champion Mortgage Company as evidenced by the Assignment of Mortgage and Other Loan Documents (the "Assignment").  On September 5, 2012, this Assignment was recorded in Book 9940, Page 734 in the Office of the Clerk of Jefferson County.  A copy of the Assignment is attached as **Exhibit E**.

8. On or about October 6, 2016, Champion Mortgage Company assigned the First Note and First Mortgage to HUD as evidenced by the Assignment of Mortgage and Other Loan Documents (the "Assignment").  On December 16, 2016, this Assignment was recorded in Book 10782, Page 56 in the Office of the Clerk of Jefferson County.  A copy of the Assignment is attached as **Exhibit F**.

9. HUD, as holder of both the First Note, Second Note, First Mortgage, and Second Mortgage, may in its discretion enforce these documents in accordance with the terms contained

therein.

**Enforcement of Notes/Mortgages**

10.     Under the terms of both the First Mortgage and Second Mortgage, HUD "may require immediate payment in full of outstanding principal and accrued interest, upon approval of an authorized representative of the Secretary, if: (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or (ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower…." *See, e.g.,* First Note, ¶ 6(B); Second Note, ¶ 6(B).  In the event immediate payment is due on the Note, HUD is entitled to foreclose on the Property as provided for in the First Mortgage and Second Mortgage.

11.     Subparagraphs 6(B)(i) and 6(B) (ii) of the First and Second Notes have been breached.  The  Property ceased to be the principal residence of the Borrower for reasons other than death, and the Property is not the principal residence of at least one other Borrower. Further, for a period of longer than twelve (12) consecutive months, the Borrower failed to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower.  As such, the holder of the First Note and Second note is entitled to require immediate payment in full and to foreclose. .  HUD has provided a notice of intent to foreclose and accelerate the mortgage balance, and has not received payment in full..  Under terms of the notes and mortgages, HUD is entitled to enforce the First Mortgage and Second Mortgage and to have the Property sold to pay the amounts due under the First Note and Second Note.

12.     The United States, on behalf of HUD, asserts a good and valid first lien on the Property for the purpose of securing repayment of the debt evidenced by the First Note and Second Note, prior to all other liens against the Property, subject only to the claims of Plaintiff and any unpaid ad valorem real property taxes and assessments, if any, now a lien on the Property.

13.     The amount owed to HUD as of September 6, 2018 is $220,920.57, plus interest which accrues on the principal amount of this debt at a rate of $36.68 per day.

14.     Defendant **Any Unknown Spouse of Donna M. Warren** may claim an interest in the Property, which interests are inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the Plaintiff.  Said Defendant is upon to come forth and assert interests in or claims upon the Property, and offer proof thereof, or be forever barred.

15.     Defendant **Any Unknown Occupant(s), Tenant(s) or Lessee(s) of 7725 Third Street Road, Louisville, Kentucky** may claim an interest in the Property, which interest is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of the Plaintiff.  Said Defendant is called upon to come forth and assert interests in or claims upon the Property, and offer proof thereof, or be forever barred

**Other Lienholders**

16.     Defendant **Cashland Financial Services, Inc.**, may claim an interest in the Property by virtue of a Notice of Judgment Lien against Donna M. Warren recorded January 28, 2011 in Lien Book 1218, Page 515 in the Office of the Jefferson County Clerk, a copy of which is attached as **Exhibit G**.  The interest of **Cashland Financial Services, Inc.**, is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the United States calls upon this Defendant to come forth and assert its interest in or claim upon the

Property, if any, and offer proof thereof, or be forever barred.

17.     Defendant **FFS, Inc.**, may claim an interest in the Property by virtue of Judgment Lien against Donna M. Warren recorded May 23, 2014 in Lien Book 1495, Page 306 in the Office of the Jefferson County Clerk, a copy of which is attached as **Exhibit H**.  The interest of **FFS, Inc.**, is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the United States calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

18.     Defendant **TD Bank USA, N.A., as Successor In Interest to Target National Bank** may claim an interest in the Property by virtue of Judgment Lien against Donna G. Warren a/k/a Donna Marie Warren recorded February 6, 2015 in Lien Book 1551, Page 858 in the Office of the Jefferson County Clerk, a copy of which is attached as **Exhibit I**.  The interest of **TD Bank USA, N.A.** is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of RHS, and the United States calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

19.     The Property is indivisible and cannot be divided without materially impairing the value thereof or the value of HUD's lien thereon.

WHEREFORE, Plaintiff, the United States of America, on behalf of HUD, demands:

a.     In rem judgment in favor of the United States in the Property in the amount of $220,920.57 as of September 6, 2018, plus interest accruing thereafter at a rate of $36.68 per day, until the date of entry of Judgment, and interest thereafter according to law, plus costs, disbursements and expenses;

b.      That HUD be adjudged a lien on the Property, prior and superior to any and all

other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

that HUD's lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003

subject to easements, restrictions and stipulations of record, liens for any city, state, county, or

school ad valorem taxes which may be due and payable at the time of sale; and that the proceeds

from the sale be applied first to the costs of this action, second to the debt, interest, costs and fees

due HUD, with the balance remaining to be distributed to the parties as their liens or interests

may appear;

c.      That the Property be adjudged indivisible and be sold as a whole;

d.      That the Defendants be required to answer and set up their liens, claims or

interests in and to the Property, if any, or be forever barred, and that the foreclosure sale of the

Property be free and clear of all such liens, claims and interests;

e.      Any and all other lawful relief to which Plaintiff is entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney

s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant U.S. Attorneys
717 West Broadway
Louisville, KY  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

# FIXED RATE NOTE – CLOSED END
## (HOME EQUITY CONVERSION)

**COMMONWEALTH OF KENTUCKY**
September 20, 2010

**PROPERTY ADDRESS**
   7725 Third ST Rd
   LOUISVILLE, KY 40214
   JEFFERSON COUNTY

*ORIGINAL*

FHA Case Number: 201-
Loan Number: Loan Number: 1903010268
MIN Number:

## 1. DEFINITIONS
"Borrower" means each person signing at the end of this Note. "Lender" means **MetLife Home Loans, a Division of MetLife Bank, N.A.** and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for amounts to be advanced by Lender up to a maximum principal amount of **Two Hundred Eighty-Five Thousand and 00/100 Dollars (U.S.$285,000.00)**, to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated **September 20, 2010** ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advances by Lender, plus interest, if not paid earlier, are due and payable on **December 06, 2079**. Interest will be charged on unpaid principal at the rate of **Five and 56/100 percent (5.560%)** per year until the full amount of principal has been paid. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month and shall likewise thereafter bear interest.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
**(A) Time**
Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 6 of this Note.

**(B) Place**
Payment shall be made at **501 U.S. Highway  22 (1-W COPS), Bridgewater, NJ 08807** or at such other place as Lender may designate in writing by notice to Borrower.

**(C) Limitation of Liability**
Borrower shall have no personal liability for payment of this Note. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If the Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

## 5. BORROWER'S RIGHT TO PREPAY
A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 10 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

First, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

Second, to that portion of the principal balance representing aggregate payments for servicing fees;

Third, to that portion of the principal balance representing accrued interest due under the Note; and

Fourth, to the remaining portion of the principal balance.

Prepayment amounts will not be made available to Borrower and prepayments will not increase the amount available to Borrower for Loan Advances.

## 6. IMMEDIATE PAYMENT IN FULL
**(A) Death or Sale**
Lender may require immediate payment in full of all outstanding principal and accrued interest if:
    (i)    A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

    (ii)    All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains (a) title to the Property in fee simple (b) a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower, or (c) a life estate in the Property (or retains a beneficial interest in a trust with such an interest in the Property).

Bay Docs, Inc. – First Fixed HECM Note


1903010268 U


NOTE

Exhibit A

**(B) Other Grounds**

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

    (i)    The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

    (ii)    For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

    (iii)    An obligation of the Borrower under the Security Instrument is not performed.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, the debt enforced through sale of the Property may include $500.00 for costs and expenses for enforcing this Note. Such costs and expenses shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**(D) Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interest in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

**7. WAIVERS**

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

**10. RELATIONSHIP TO SECOND NOTE**

**(A) Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

**(B) Relationship of Secretary Payments to this Note**

Payments made by the Secretary shall not be included in the debt due under this Note unless:

    (i)    This Note is assigned to the Secretary; or

    (ii)    The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments made by the Secretary, including interest on the payments, shall be included in the debt.

**(C) Effect on Borrower**

Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, then Borrower shall not:

    (i)    Be required to pay amounts owed under this Note until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 6 of this Note; or

    (ii)    Be obligated to pay interest or shared appreciation under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraph 2 of this Note or any Allonge to this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Dated: **September 20, 2010**

*Donna M. Warren*

**Donna M. Warren   (Borrower)**

# ALLONGE

**Loan Number:**   1903010268

**BORROWER(S):**  Donna M. Warren

**ADDRESS:**   7725 Third St Rd
      Louisville, KY 40214

**AMOUNT:**  $285,000.00

**Dated:**  09/20/10

---

Pay to the order of

Without Recourse
MetLife Home Loans,
a Division of MetLife Bank, N.A.

by *Ed Fisher*

Ed Fisher, Limited Vice President

## KENTUCKY MORTGAGE RIDER

**FHA Case Number: 201-4700210-951/255**                         **Loan Number: 1903010268**

This rider is to the mortgage dated **September 20, 2010** by and between the mortgagor, **Donna M. Warren, an unmarried person** and the mortgagee, **MetLife Home Loans, a Division of MetLife Bank, N.A.**.  Paragraph 12 is hereby supplemented as follows:

     (d)     Should the borrower or agent for the borrower submit a written request to the mortgagee to release of record the lien created by this instrument upon any present or future indebtedness, then for the purposes of paragraph 9(b) of this instrument, the mortgagor will be deemed to have failed to have performed an obligation under this Security Instrument and upon approval of the Secretary, the mortgagee may require immediate payment in full of all sums secured by this Security Instrument.

*Donna M. Warren*

**DONNA M. WARREN  (BORROWER)**

1903010268 W

MORTGAGE RIDERS

MB 12143PG 375                                        10

Requested by and returned to:
MetLife Home Loans, a Division of MetLife Bank, N.A.
P.O. Box 8157
Edmond, OK 73083-8157

[Space Above This Line for Recording Data]

COMMONWEALTH OF KENTUCKY

# FIXED RATE MORTGAGE

FHA Case Number: 201█████████████

Loan Number: 1803010268

THIS MORTGAGE ("Security Instrument") is given on **September 20, 2010**. The Mortgagor is **Donna M. Warren, an unmarried person**, whose address is **7725 Third ST Rd, LOUISVILLE, KY 40214** ("Borrower"). This Security Instrument is given to MetLife Home Loans, **a Division of MetLife Bank, N.A.**, which is organized and existing under the laws of the **United States of America**, and whose address is **501 U.S. Highway 22 (I-W COPS), Bridgewater, NJ 08807** ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications, up to a maximum principal amount of **Two Hundred Eighty-Five Thousand and 00/100 Dollars ($285,000.00)**; (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on **December 06, 2079**. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in JEFFERSON County, Kentucky:

The real property is located at the address **7725 Third ST Rd, LOUISVILLE, KY 40214**, in the county of   JEFFERSON, state of KY, described more fully on Exhibit A attached to this Mortgage.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey  the Property and that the Property is unencumbered.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.**  Borrower shall pay when due the principal of, and interest on, the debt evidenced by

KY 1st Mortgage (Fixed)
Page 1

Exhibit B

MB 12143 PG 376

the Note.

**2. Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

**3. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender, instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**4. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) and shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted.

Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to merger in writing.

**5. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other

MH 12143PG0377

covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium ("MIP") as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities ("Servicing Fee") as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

**6. Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**
    (a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:
        (i)    A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

        (ii)   All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred an no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower (or retaining a beneficial interest in a trust with such an interest in the Property).

    (b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval by an authorized representative of the Secretary, if:
        (i)    The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

        (ii)   For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

        (iii)  An obligation of the Borrower under this Security Instrument is not performed.

    (c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in subparagraphs (a) and (b) of this Paragraph 9(a)(ii) or (b) occur.

    (d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due

KY 1st Mortgage (Fixed)
Page 3

MR 1 2 1 4 3 PG 3 7 8

and payable under this Paragraph 9(a)(ii) and (b).  Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

    (i)    Correct the matter which resulted in the Security Instrument coming due and payable; or

    (ii)    Pay the balance in full; or

    (iii)    Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

    (iv)    Provide the Lender with a deed in lieu of foreclosure.

(e) Trusts.  Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph.  A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

(f) Mortgage Not Insured.  Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within eight (8) months from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to eight (8) months from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. No Deficiency Judgments.**  Borrower shall have no personal liability for payment of the debt secured by this Security Instrument.  Lender may enforce the debt only through sale of the Property.  Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed.  If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

**11. Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full.  This right applies even after foreclosure proceedings are instituted.  To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full.  Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with a foreclosure proceeding shall be added to the principal balance.  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full.  However, Lender is not required to permit reinstatement if:(i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two (2) years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

**12. First Lien Status**
(a) Modification.  Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a).  If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense.  If the title evidence indicates that the property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute such documents.  If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

KY 1st Mortgage (Fixed)
Page 4

MB 1 2 1 4 3 PG 0 3 7 9

(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c) **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

**13. Relationship to Second Security Instrument.**

(a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and Second Security Instrument on the Property.

(b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

    (i)    This Security Instrument is assigned to the Secretary; or

    (ii)    The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

(c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

    (i)    Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

    (ii)    Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

(d) **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

**14. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**15. Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

**16. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any

KY 1ˢᵗ Mortgage (Fixed)
Page 5

MR 1 2 1 4 3 PG ·· 3 8 0

other address all Borrowers jointly designate.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

**17. Governing Law; Severability.**  This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

**18. Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and the Security Instrument.

NON-UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:

**19. Assignment of Rents.**  Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property.  Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents.  However, prior to Lender's Notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower.  This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower.  However, Lender or a judicially appointed receiver may do so at any time there is a breach.  Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender.  This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

**20. Foreclosure Procedure.** If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

**21. Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement.  The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose.  This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.
**22. Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Investment without charge to Borrower.
**23. Waiver of Homestead.**  Borrower waives all right of homestead exemption in the Property.
**24. Riders to this Security Instrument.**  If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were in a part of this Security Instrument.  [Check all riders that are applicable].

KY 1st Mortgage (Fixed)
Page 6

MB 1 2 1 4 3 PG 1 3 8 1

| | Condominium Rider | | PUD Rider |
|---|---|---|---|
| | Shared Appreciation Rider | | Other |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_Donna M. Warren_

**DONNA M. WARREN (BORROWER)**

State of Kentucky
County of

The foregoing instrument was acknowledged before me this **September 20, 2010** by

_Donna M. Warren, an unmarried person_

This Instrument prepared by:

Name: _____

Address: _____

PAUL B. CONWAY
Notary Public-State at Large
KENTUCKY
My Commission Expires November 09, 2013

**This Instrument Prepared By:**

Paul B. Conway, Attorney At Law
182 Browns Lane
Louisville, KY 40207
(502) 749-3600

KY 1st Mortgage (Fixed)
Page 7

州 I 2 I 4 3 PG ⁙ 3 8 2

#### Exhibit A

**7725 Third Street Road, Louisville, Jefferson County, Kentucky 40214**
BEGINNING at a point in the center line of Third Street Road, said point being the
Northwest corner of the tract of land conveyed to Josephine Woods, wife of Thomas
Woods, by Deed dated April 15th, 1907, of record in Deed Book 663, Page 55, in the
Office of the Clerk of the County Court of Jefferson County, Kentucky; running thence
with the center line of Third Street Road, North 42 degrees 59 minutes east, 398.31 feet
to corner to the tract of land conveyed to Mary Sheilly, wife of Zack Sheilly, by deed
dated July 8th, 1908, of record in Deed Book 681, Page 372, in said office; thence with
the southwestwardly line of the Mary Sheilly tract, south 51 degrees 44 minutes east,
689.29 feet to a pipe in the Northwestwardly line of the right of way of the Louisville,
Henderson and St. Louis Railroad; said pipe also being the Southwest corner of the
Sheilly tract aforesaid; thence with the Northwest line of the right of way of the
Louisville, Henderson and St. Louis Railroad South 42 degrees, 10 minutes west 194.04
feet to a stone, said stone being at the Northeast corner of the tract conveyed to Josephine
Woods aforesaid; thence with the Northeastwardly line of the Woods tract aforesaid
North 67 degrees 45 minutes west 737.54 feet to the point of beginning containing 4.6629
acres.

Being the same property conveyed to Robert T. Warren and Donna M. Warren, husband
and wife, for an during their joint lives with the remainder in fee simple to the survivor of
them by Deed dated July 25, 1960, of record in Deed Book 3645, Page 599, in the Office
of the Clerk of the County Court of Jefferson County, Kentucky. Robert T. Warren
having died a resident of Jefferson County, Kentucky on December 8, 1969, thus vesting
his interest in said property with his wife Donna M. Warren.

ᴴH 1 2 1 4 3 PG ᴴ 3 8 3

## KENTUCKY MORTGAGE RIDER

FHA Case Number: 201-███████                                    Loan Number: 1903010288

This rider is to the mortgage dated September 20, 2010 by and between the mortgagor, Donna M. Warren, an unmarried person and the mortgagee, MetLife Home Loans, a Division of MetLife Bank, N.A.. Paragraph 12 is hereby supplemented as follows:

(d)     Should the borrower or agent for the borrower submit a written request to the mortgagee to release of record the lien created by this instrument upon any present or future indebtedness, then for the purposes of paragraph 9(b) of this instrument, the mortgagor will be deemed to have failed to have performed an obligation under this Security Instrument and upon approval of the Secretary, the mortgagee may require immediate payment in full of all sums secured by this Security Instrument.

*Donna M. Warren*

DONNA M. WARREN  (BORROWER)

KY 1st Mortgage (Fixed)
Page 9

MR 12143PG0384

## Exhibit A

**7725 Third Street Road, Louisville, Jefferson County, Kentucky 40214**
BEGINNING at a point in the center line of Third Street Road, said point being the
Northwest corner of the tract of land conveyed to Josephine Woods, wife of Thomas
Woods, by Deed dated April 15th, 1907, of record in Deed Book 663, Page 55, in the
Office of the Clerk of the County Court of Jefferson County, Kentucky; running thence
with the center line of Third Street Road, North 42 degrees 59 minutes east, 398.31 feet
to corner to the tract of land conveyed to Mary Sheilly, wife of Zack Sheilly, by deed
dated July 8th, 1908, of record in Deed Book 681, Page 372, in said office; thence with
the southwestwardly line of the Mary Sheilly tract, south 51 degrees 44 minutes east,
689.29 feet to a pipe in the Northwestwardly line of the right of way of the Louisville,
Henderson and St. Louis Railroad; said pipe also being the Southwest corner of the
Sheilly tract aforesaid; thence with the Northwest line of the right of way of the
Louisville, Henderson and St. Louis Railroad South 42 degrees, 10 minutes west 194.04
feet to a stone, said stone being at the Northeast corner of the tract conveyed to Josephine
Woods aforesaid; thence with the Northeastwardly line of the Woods tract aforesaid
North 67 degrees 45 minutes west 737.54 feet to the point of beginning containing 4.6629
acres.

Being the same property conveyed to Robert T. Warren and Donna M. Warren, husband
and wife, for an during their joint lives with the remainder in fee simple to the survivor of
them by Deed dated July 25, 1960, of record in Deed Book 3645, Page 599, in the Office
of the Clerk of the County Court of Jefferson County, Kentucky. Robert T. Warren
having died a resident of Jefferson County, Kentucky on December 8, 1969, thus vesting
his interest in said property with his wife Donna M. Warren.

Document No.: DN2018131940
Lodged By:                        12:03:27
Recorded On: 05/27/2010
Total Fees:                         36.00
Transfer Tax:                        .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

## END OF DOCUMENT



# FIXED RATE SECOND NOTE – CLOSED END
## (HOME EQUITY CONVERSION)

**RECEIVED BY**
**OLS-**
**DEC 1 6 2010**

**COMMONWEALTH OF KENTUCKY**
**September 20, 2010**

ORIGINAL

FHA Case Number   201-⬛⬛⬛⬛
Loan Number, Loan Number  1903010268

**PROPERTY ADDRESS**
    **7725 Third ST Rd**
    **LOUISVILLE, KY 40214**
    **JEFFERSON COUNTY**

## 1. DEFINITIONS
"Borrower" means each person signing at the end of this Note   "Secretary" or "Lender" means the Secretary of Housing and Urban Development or his or her authorized representatives

## 2 BORROWER'S PROMISE TO PAY, INTEREST
In return for amounts to be advanced by Lender up to a maximum principal amount of **Two Hundred Eighty-Five Thousand and 00/100 Dollars** (U S $285,000 00), to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated **September 20, 2010** ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest   All amounts advances by Lender, plus interest, if not paid earlier, are due and payable on **December 06, 2079**   Interest will be charged on unpaid principal at the rate of **Five and 56/100 percent (5.560%)** per year until the full amount of principal has been paid   Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month and shall likewise thereafter bear interest

## 3 PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument" or the "Second Security Instrument"  The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Second Note   Borrower also executed a First Security Instrument and First Note when the Second Security Instrument and this Second Note were executed

## 4  MANNER OF PAYMENT
### (A) Time
Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 6 of this Note

### (B) Place
Payment shall be made at the Office of the Housing – FHA Comptroller, Director of Mortgage Insurance Accounting and Servicing, Department of Housing and Urban Development, 451 Seventh Street, SW, Washington, DC 20410, or any other place designated by the Secretary in writing by notice to the Borrower

### (C) Limitation of Liability
Borrower shall have no personal liability for payment of this Note   Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property")

## 5  BORROWER'S RIGHT TO PREPAY
A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty   Any amount of debt prepaid will first be applied to reduce the principal balance of this Note and then to reduce the principal balance of the First Note

All prepayments of the principal balance shall be applied by Lender as follows

<u>First</u>, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums,

<u>Second</u>, to that portion of the principal balance representing aggregate payments for servicing fees,

<u>Third</u>, to that portion of the principal balance representing accrued interest due under the Note, and

<u>Fourth</u>, to the remaining portion of the principal balance

Prepayment amounts will not be made available to Borrower and prepayments will not increase the amount available to Borrower for Loan Advances

## 6  IMMEDIATE PAYMENT IN FULL
### (A) Death or Sale
Lender may require immediate payment in full of all outstanding principal and accrued interest if

    (i)  A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

    (ii)  All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains (a) title to the Property in fee simple (b) a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest

*201-4700210*

EXHIBIT C

NO NOTE



Borrower, or (c) a life estate in the Property (or retains a beneficial interest in a trust with such an interest in the Property)

**(B) Other Grounds**
Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if

    (i)  The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

    (ii)  For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower, or

    (iii)  An obligation of the Borrower under the Security Instrument is not performed

**(C) Payment of Costs and Expenses**
If Lender has required immediate payment in full, as described above, the debt enforced through sale of the Property may include $500 00 for costs and expenses for enforcing this Note  Such costs and expenses shall bear interest from the date of disbursement at the same rate as the principal of this Note

**(D) Trusts.**
Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph  A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

**7. WAIVERS**
Borrower waives the rights of presentment and notice of dishonor  "Presentment" means the right to require Lender to demand payment of amounts due  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid

**8. GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given the Secretary a notice of Borrower's different address

Any notice that must be given to the Secretary under this Note will be given by first class mail to the HUD Field Office with jurisdiction over the Property or any other address designated by the Secretary

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note Lender may enforce its rights under this Note only through sale of the Property

**10 RELATIONSHIP TO FIRST NOTE**
**(A).**    **Second Note**
Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant this Second Note to the Secretary

**(B)**    **Relationship of Secretary Payments to First Note**
Payments made by the Secretary shall be included in the debt due under this Note unless

    (i)  The First Note is assigned to by its holder the Secretary; or

    (ii)  The Secretary accepts reimbursements by the holder of the First Note for all payments made by the Secretary

If the circumstances described in (i) or (ii) occur, then all payments made by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the First Note

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note

Dated September 20, 2010

_Donna M. Warren_

**Donna M. Warren (Borrower)**

234680

MR 12143PG0385

Requested by and returned to:
MetLife Home Loans, a Division of MetLife Bank, N A
P O Box 8157
Edmond, OK 73083-8157


*2*

RECEIVED BY

NOV 04 2011

[Space Above This Line for Recording Data]

COMMONWEALTH OF KENTUCKY

# FIXED RATE SECOND MORTGAGE

FHA Case Number   201-
Loan Number· 1903010268

THIS MORTGAGE ("Security Instrument" or "Second Security Instrument" is given on September 20, 2010  The mortgagor is **Donna M Warren, an unmarried person**, whose address is **7725  Third ST Rd  LOUISVILLE, KY 40214** ("Borrower") This Security Instruments given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, S W , Washington, DC 20410 ("Lender") or ("Secretary")  Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement")  The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Second Note")  This Security Instrument secures to Lender  (a) the repayment of the debt evidenced by the Second Note, with interest, and all renewals, extensions and modifications, up to a maximum principal amount of **Two Hundred Eighty-Five Thousand and 00/100 Dollars ($285,000 00)**, (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note  The full debt, including all amounts described in (a), (b), and (c) above, if not paid earlier, is due and payable on **December 06, 2079**  For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in **JEFFERSON** County, Kentucky

The real property located at the address **7725  Third ST Rd, LOUISVILLE, KY 40214**, in the county of **JEFFERSON**, state of **KY**, described more fully on Exhibit A attached to this Mortgage

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property  All replacements and additions shall also be covered by this Security Instrument  All of the foregoing is referred to in this Security Instrument as the "Property "

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is only encumbered by a First Security Instrument given by Borrower and dated the same date as this Security Instrument ("First Security Instrument")  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering rea

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follow

*201-4700210*

**1  Payment of Principal and Interest**  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Second Note

KY 2nd Mortgage (Fixed)
Page 1


1903010268 W


SECOND MORTGAGE RECORDED

Exhibit D

MR 1'2 1 4 3 PG 0 3 8 6

**2  Payment of Property Charges**  Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement  Lender may require Borrower to pay specified property charges directly to the party owed payment even though Lender pays other property charges as provided in this Paragraph

**3  Fire, Flood and Other Hazard Insurance**  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire  This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender  Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by Lender  The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender

In the event of loss, Borrower shall give Lender immediate notice by mail  Lender may make proof of loss if not made promptly by Borrower  Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender, instead of to Borrower and Lender jointly  Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under the Second Note and this Security Instrument  Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Second Note and this Security Instrument shall be paid to the entity legally entitled thereto

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser

**4  Occupancy, Preservation, Maintenance and Protection of the Property, Borrower's Loan Application, Leaseholds**
Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) and shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument  "Principal residence" shall have the same meaning as in the Loan Agreement

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted  Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the Loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence  If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease  If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to merger in writing

**5  Charges to Borrower and Protection of Lender's Rights in the Property**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2  Borrower shall pay these obligations on time directly to the entity which is owed the payment  If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments  Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c)

If Borrower fails to make these payments or the property charges required by Paragraph 2  or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy  for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for

KY 2nd Mortgage (Fixed)
Page 2

BK 12143PG 0387

the Mortgage Insurance Premium ("MIP") as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities ("Servicing Fee") as defined in the Loan Agreement   Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument

**6   Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property   If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower

**7   Condemnation**   The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, shall be paid to Lender The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary to the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

**8. Fees.** Lender may collect fees and charges authorized by the Secretary

**9   Grounds for Acceleration of Debt**

   (a) **Due and Payable**   Lender may require payment in full of all sums secured by this Security Instrument if

   (i)   A Borrower dies and the Property is not the Principal residence of at least one surviving Borrower, or

   (ii)   All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower (or retaining a beneficial interest in a trust with such an interest in the Property), or

   (iii)   The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower, or

   (iv)   For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower, or

   (v)   An obligation of the Borrower under this Security Instrument is not performed

   (b) **Notice to Lender**   Borrower shall notify the Lender whenever any of the events listed in Paragraph 9(a)(ii)-(v) occur

   (c) **Notice to Borrower**   Lender shall notify Borrower whenever the loan becomes due and payable under Paragraph 9(a)(ii)-
   (v) Lender shall not have the right to commence foreclose until Borrower has had thirty (30) days after notice to either
   (i)   Correct the matter which resulted in the Security Instrument coming due and payable, or

   (ii)   Pay the balance in full, or

   (iii)   Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance, or

   (iv)   Provide the Lender with a deed in lieu of foreclosure

AB I-2 I 4 3 PG ‹›3 8 8

(d) **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9  A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9

**10  No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument  Lender may enforce the debt only through sale of the Property  Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed

**11  Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full  This right applies even after foreclosure proceedings are instituted  To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full  Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with a foreclosure proceeding shall be added to the principal balance  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full  However, Lender is not required to permit reinstatement if  (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two (2) years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument

**12  Second Lien Status**

(a) **Modification**  Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a)  If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense  If the title evidence indicates that the Property is not encumbered by any liens (except the First Security Instrument described in Paragraph 13(a), this Second Security Instrument and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute such documents  If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument

(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument

(c) **Prior Liens**  Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien  Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice

**13  Relationship to First Security Instrument.**

(a) **Second Security Instrument.**  In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and this Second Security Instrument  Borrower has also executed a First Note and First Security Instrument

(b) **Relationship of First and Second Security Instruments**  Payments made by the Secretary shall not be included in the debt under the First Note unless

    (i)    The First Security Instrument is assigned to the Secretary, or

BK 1 2 1 4 3 PG 1 389

(ii)    The Secretary accepts reimbursement by the holder of the First Note for all payments made by the Secretary

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the First Note

(c) **Effect on Borrower**   Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not

(i)    Be required to pay amounts owed under the First Note, or pay any rents and revenues of the Property under Paragraph 19 to the holder of the First Note or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note, or

(ii)    Be obligated to pay interest or shared appreciation under the First Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the First Note

(d) **No Duty of the Secretary**   The Secretary has no duty to the holder of the the of the First Note to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though the holder of the First Note may be unable to collect amounts owed under the First Note because of restrictions in this Paragraph 13

(e) **Restrictions on Enforcement**   Notwithstanding anything else in this Security Instrument, the Borrower shall not be obligated to comply with the covenants hereof, and Paragraph 19 shall have no force and effect, whenever there is no outstanding balance under the Second Note

**14   Forbearance by Lender Not a Waiver**   Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

**15   Successors and Assigns Bound; Joint and Several Liability**   Borrower may not assign any rights or obligations under this Security Instrument or under the Second Note, except to a trust that meets the requirements of the Secretary   Borrower's covenants and agreements shall be joint and several

**16   Notices**   Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method   The notice shall be directed to the Property Address or any other address all Borrowers jointly designate   Any notice to the Secretary shall be given by first class mail to the HUD Field Office with jurisdiction over the Property or any other address designated by the Secretary   Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16

**17   Governing Law; Severability**   This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located   In the event that any provision or clause of this Security Instrument or the Second Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Second Note which can be given effect without the conflicting provision   To this end the provisions of this Security Instrument and the Second Note are declared to be severable

**18   Borrower's Copy.**   Borrower shall be given one conformed copy of the Note and this Security Instrument

NON-UNIFORM COVENANTS   Borrower and Lender covenant and agree as follows

**19   Assignment of Rents**   Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property   Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents   However, prior to Lender's Notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower   This assignment of rents constitutes an absolute assignment and not an assignment for additional security only

KY 2ⁿᵈ Mortgage (Fixed)
Page 5

4R 1 2 1 4 3 PG 0 390

If Lender gives notice of breach to Borrower  (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument, (b) Lender shall be entitled to collect and receive all of the rents of the Property, and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19, except as provided in the First Security Instrument

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower  However, Lender or a judicially appointed receiver may do so at any time there is a breach  Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender  This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full

**20   Foreclosure Procedure**  If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence

**21   Release**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower  Borrower shall pay any recordation costs

**22  Waiver of Homestead**  Borrower waives all right of homestead exemption in the Property

**23   Riders to this Security Instrument.**  If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument  [Check applicable box (es)]

|  | Condominium Rider |  | PUD Rider |
|---|---|---|---|
|  | Shared Appreciation Rider |  | Other |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it

Witnesses

**DONNA M. WARREN  (BORROWER)**

MR 12143PG 0391

State of Kentucky
County of

The foregoing instrument was acknowledged before me this 20th day of September, 2010 by

Dana M. Warren, an unmarried person.

This Instrument prepared by

Name _____

Address _____

_____

PAUL B CONWAY
Notary Public-State at Large
KENTUCKY
My Commission Expires November 09 2013

This Instrument Prepared By:

Paul B. Conway, Attorney At Law
108 Browns Lane
Louisville, KY 40207
(502) 749-3600

KY 2nd Mortgage (Fixed)
Page 7

46 1 2 1 4 3 PG 0 392

## Exhibit A

## 7725 Third Street Road, Louisville, Jefferson County, Kentucky 40214

BEGINNING at a point in the center line of Third Street Road, said point being the Northwest corner of the tract of land conveyed to Josephine Woods, wife of Thomas Woods, by Deed dated April 15th, 1907, of record in Deed Book 663, Page 55, in the Office of the Clerk of the County Court of Jefferson County, Kentucky, running thence with the center line of Third Street Road, North 42 degrees 59 minutes east, 398 31 feet to corner to the tract of land conveyed to Mary Sheilly, wife of Zack Sheilly, by deed dated July 8th, 1908, of record in Deed Book 681, Page 372, in said office, thence with the southwestwardly line of the Mary Sheilly tract, south 51 degrees 44 minutes east, 689 29 feet to a pipe in the Northwestwardly line of the right of way of the Louisville, Henderson and St. Louis Railroad, said pipe also being the Southwest corner of the Sheilly tract aforesaid, thence with the Northwest line of the right of way of the Louisville, Henderson and St Louis Railroad South 42 degrees, 10 minutes west 194 04 feet to a stone, said stone being at the Northeast corner of the tract conveyed to Josephine Woods aforesaid, thence with the Northeastwardly line of the Woods tract aforesaid North 67 degrees 45 minutes west 737 54 feet to the point of beginning containing 4 6629 acres

Being the same property conveyed to Robert T Warren and Donna M Warren, husband and wife, for an during their joint lives with the remainder in fee simple to the survivor of them by Deed dated July 25, 1960, of record in Deed Book 3645, Page 599, in the Office of the Clerk of the County Court of Jefferson County, Kentucky Robert T Warren having died a resident of Jefferson County, Kentucky on December 8, 1969, thus vesting his interest in said property with his wife Donna M Warren

МВ 1 2 1 4 3 PG 0 3 9 3

# KENTUCKY SECOND MORTGAGE RIDER

**FHA Case Number·** 201▮▮▮▮▮▮▮▮▮                    **Loan Number 1903010268**

This rider is to the mortgage dated **September 20, 2010** by and between the mortgagor, **Donna M  Warren, an unmarried person** and the mortgagee, **the Secretary of Housing and Urban Development**  Paragraph 12 is hereby supplemented as follows

    (d)    Should the borrower or agent for the borrower submit a written request to the mortgagee to release of record the lien created by this instrument upon any present or future indebtedness, then for the purposes of paragraph 9(b) of this instrument, the mortgagor will be deemed to have failed to have performed an obligation under this Security Instrument and upon approval of the Secretary, the mortgagee may require immediate payment in full of all sums secured by this Security Instrument

*Donna M. Warren*

**DONNA M  WARREN (BORROWER)**

KY 2nd Mortgage (Fixed)
Page 9

4B 12 143PG 394

## Exhibit A

### 7725 Third Street Road, Louisville, Jefferson County, Kentucky 40214

BEGINNING at a point in the center line of Third Street Road, said point being the Northwest corner of the tract of land conveyed to Josephine Woods, wife of Thomas Woods, by Deed dated April 15th, 1907, of record in Deed Book 663, Page 55, in the Office of the Clerk of the County Court of Jefferson County, Kentucky, running thence with the center line of Third Street Road, North 42 degrees 59 minutes east, 398 31 feet to corner to the tract of land conveyed to Mary Sheilly, wife of Zack Sheilly, by deed dated July 8th, 1908, of record in Deed Book 681, Page 372, in said office, thence with the southwestwardly line of the Mary Sheilly tract, south 51 degrees 44 minutes east, 689 29 feet to a pipe in the Northwestwardly line of the right of way of the Louisville, Henderson and St Louis Railroad, said pipe also being the Southwest corner of the Sheilly tract aforesaid, thence with the Northwest line of the right of way of the Louisville, Henderson and St. Louis Railroad South 42 degrees, 10 minutes west 194 04 feet to a stone, said stone being at the Northeast corner of the tract conveyed to Josephine Woods aforesaid, thence with the Northeastwardly line of the Woods tract aforesaid North 67 degrees 45 minutes west 737 54 feet to the point of beginning containing 4 6629 acres

Being the same property conveyed to Robert T Warren and Donna M Warren, husband and wife, for an during their joint lives with the remainder in fee simple to the survivor of them by Deed dated July 25, 1960, of record in Deed Book 3645, Page 599, in the Office of the Clerk of the County Court of Jefferson County, Kentucky Robert T Warren having died a resident of Jefferson County, Kentucky on December 8, 1969, thus vesting his interest in said property with his wife Donna M Warren.

END OF DOCUMENT

Document No.: DN2010131941 Pai / conway
Lodged By:
Recorded On:    09/27/2010       12:03:44
Total Fees:                    30.00
Transfer Tax:                    .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

DB 0994 0 PG 0734

2

# KENTUCKY

COUNTY OF  *JEFFERSON*
POOL NO.
LOAN NO.*1903010268*

RECORDING REQUESTED BY:
*CHAMPION MORTGAGE COMPANY*
*350 HIGHLAND DRIVE*
*LEWISVILLE, TX 75067*

PREPARED BY SECURITY
CONNECTIONS, INC.
WHEN RECORDED MAIL TO:
*SECURITY CONNECTIONS INC.*
*240 TECHNOLOGY DRIVE*
*IDAHO FALLS, ID 83401*
*PH:(208)528-9895*
*ATTN:  TERRILL NIELSON*

# ASSIGNMENT OF MORTGAGE

For Value Received *METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.,*

(Assignor) located at *1555 W.WALNUT HILL LANE, IRVING, TX 75038*

hereby grants assigns and transfers to *CHAMPION MORTGAGE COMPANY*

located at  *350 HIGHLAND DRIVE  LEWISVILLE, TX 75067*

all its interest under that certain mortgage dated  *SEPTEMBER 20, 2010*
_____, executed by *DONNA M. WARREN, AN UNMARRIED PERSON*

(Mortgagor) to *METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.*

(Mortgagee) and recorded as Instrument No. *DN 2010131940*
in Book *12143*   at Page *375*_____ , in the office of
*JEFFERSON*_____ County Clerk, State of Kentucky.

Loan No.

P=S.002.00518.34
C=s.569.0084          J=ml8070112ai.s.21125          (NMRI.KY)


Exhibit E

BO 0 9 9 4 0 PG 0 7 3 5

1903010268

Dated _____ **JUL 2 7 2012** _____ .

METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.

BY _Linda Miller_ _____

**Linda Miller**

**Limited Vice President**

STATE OF **TEXAS** _____ )
                                  ) ss
COUNTY OF **DALLAS** _____ )

On __ **JUL 2 7 2012** _____ before me, . **Debbie Foster** _____

_____ personally apeared _____ **Linda Miller** _____

_____ and

_____ personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) who executed the
within instrument as _____ **Limited Vice President** _____ and _____

_____ or on behalf of the _____

**METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A.,** _____

_____

acknowledged to me that the corporation executed it.

_Debbie K. Foster_

NOTARY PUBLIC   **Debbie Foster**

DEBBIE K. FOSTER
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 08-13-2013

**PREPARED BY:**

**Linda Miller**
_Linda Miller_
**240 TECHNOLOGY DRIVE**
**IDAHO FALLS, ID 83401**

(NMRI.KY)      SPACE BELOW FOR RECORDER'S USE

**END OF DOCUMENT**

Document No.: DN2012129313
Lodged By: SECURITY CONNECTIONS
Recorded On:  09/05/2012     09:02:51
Total Fees:          13.00
Transfer Tax:          .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: JOLCAR

DEED Book 10782 Page 56



# Bobbie Holsclaw

### Jefferson County Clerk's Office

As evidenced by the instrument number shown below, this document
has been recorded as a permanent record in the archives of the
Jefferson County Clerk's Office.



**INST # 2016305584**
**BATCH # 55367**
**JEFFERSON CO, KY FEE $13.00**
PRESENTED ON: 12-16-2016 6 10:37:13 AM
LODGED BY: SECURITY CONNECTIONS
RECORDED: 12-16-2016 10:37:13 AM
BOBBIE HOLSCLAW
CLERK
BY: CARRIE HARRISON
RECORDING CLERK
**BK: D 10782**
**PG: 56-58**

Exhibit F

## DEED Book 10782 Page 57

**KENTUCKY**
COUNTY OF JEFFERSON
LOAN NO. 1051179

RECORDING REQUESTED BY:
THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ITS
SUCCESSORS AND ASSIGNS,
451 7TH STREET SW, WASHINGTON, DC 20410

WHEN RECORDED MAIL TO: SECURITY CONNECTIONS, INC., 240 TECHNOLOGY DRIVE, IDAHO FALLS, ID 83401, PH. (208)528-9895

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, CHAMPION MORTGAGE COMPANY, located at 8950 CYPRESS WATERS BLVD, DALLAS, TX 75019, Assignor, does hereby grant, assign, and transfer to THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, ITS SUCCESSORS AND ASSIGNS, located at 451 7TH STREET SW, WASHINGTON, DC 20410, Assignee, its successors and assigns, all Assignor's interest under that certain Mortgage dated SEPTEMBER 20, 2010 executed by DONNA M. WARREN AN UNMARRIED PERSON, Mortgagor, to METLIFE HOME LOANS, A DIVISION OF METLIFE BANK, N.A., Original Mortgagee, and recorded on SEPTEMBER 27, 2010 in Book 12143 at Page 375 as Instrument No. DN2010131940, in the office of the County Clerk of JEFFERSON County, State of KENTUCKY.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this ___10/6/16___ .

CHAMPION MORTGAGE COMPANY

Name: _Amber Harrison_, ASSISTANT SECRETARY

STATE OF TEXAS          COUNTY OF DALLAS          ) ss.
On __10-6-16__, before me, ___Felicia Alva___, personally appeared _Amber Harrison_ known to me to be the ASSISTANT SECRETARY of CHAMPION MORTGAGE COMPANY the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

_Felicia Alva_
Felicia Alva          (COMMISSION EXP. 5-31-20)

NOTARY PUBLIC

> FELICIA ALVA
> Notary Public, State of Texas
> Comm. Expires 05-31-2020
> Notary ID 126323236

PREPARED BY: _Rebecca Higley_, 8950 CYPRESS WATERS BLVD, DALLAS, TX 75019
240 Technology Dr, Idaho Falls, ID 83401

## DEED Book 10782 Page 58

Exhibit A

7725 Third Street Road, Louisville, Jefferson County, Kentucky 40214
BEGINNING at a point in the center line of Third Street Road, said point being the
Northwest corner of the tract of land conveyed to Josephine Woods, wife of Thomas
Woods, by Deed dated April 15th, 1907, of record in Deed Book 663, Page 55, in the
Office of the Clerk of the County Court of Jefferson County, Kentucky; running thence
with the center line of Third Street Road, North 42 degrees 59 minutes east, 398.31 feet
to corner to the tract of land conveyed to Mary Sheilly, wife of Zack Sheilly, by deed
dated July 8th, 1908, of record in Deed Book 681, Page 372, in said office; thence with
the southwestwardly line of the Mary Sheilly tract, south 51 degrees 44 minutes east,
689.29 feet to a pipe in the Northwestwardly line of the right of way of the Louisville,
Henderson and St. Louis Railroad; said pipe also being the Southwest corner of the
Sheilly tract aforesaid; thence with the Northwest line of the right of way of the
Louisville, Henderson and St. Louis Railroad South 42 degrees, 10 minutes west 194.04
feet to a stone, said stone being at the Northeast corner of the tract conveyed to Josephine
Woods aforesaid; thence with the Northeastwardly line of the Woods tract aforesaid
North 67 degrees 45 minutes west 737.54 feet to the point of beginning containing 4.6629
acres.

In# 1051179

## END OF DOCUMENT

COMMONWEALTH OF KENTUCKY
Jefferson District Court
10-C-007680  DIV 2

LB 0 1 2 1 8 PG 0 5 1 5

Cashland Financial Services, I nc.

PLAINTIFF/

JUDGMENT CREDITOR

vs.

## NOTICE OF JUDGMENT LIEN ON REAL ESTATE

Donna M Warren                                                    SS# ▓▓▓▓▓  DEFENDANT/

JUDGMENT DEBTOR

401 Revolutionary Rd
Louisville KY 40214

Take notice that the Judgment Creditor herein has obtained a judgment against the Judgment Debtor in the amount of the Judgment Amount identified below and that this Notice constitutes a lien upon all real estate in Jefferson County in which said Judgment Debtor has any ownership interest.

**DATE OF JUDGMENT:**        November 15, 2010
**JUDGMENT AMOUNT:**        $470.56
    Principal Amount:        $470.56
    Interest:        $43.73
    Court Costs:        $60.50
    Current Balance Due:        $574.79 with interest at 12% per annum.

**NOTICE TO JUDGMENT DEBTOR:**    YOU MAY BE ENTITLED TO AN EXEMPTION UNDER KRS 427.060, REPRINTED BELOW.  IF YOU BELIEVE YOU ARE ENTITLED TO ASSERT AN EXEMPTION, SEEK LEGAL ADVICE.

**KRS 427.060:**   In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed Eighteen Thousand Four Hundred Fifty Dollars ($18,450.00) per person, in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment, or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due thereon.  This exemption shall not apply if the debt or liability existed prior to the purchase or the erection of the improvements thereon.
**INSTRUCTIONS TO COUNTY CLERK:**  Pursuant to KRS 426.720, you shall immediately enter this Notice of Judgment Lien on Real Estate in the Lis Pendens Records of Jefferson County.  Entry shall be noted upon the original of this Notice, and a copy returned to MORGAN & POTTINGER, P.S.C. as indicated below.
**CERTIFICATE OF MAILING:**  The undersigned certifies that on _____JAN 1 4 2011_____, a copy of this Notice of Judgment Lien on Real Estate was mailed by regular first-class mail, postage prepaid to the above Judgment Debtor at the last known address stated above.

MORGAN & POTTINGER, P.S.C.

Kathryn Hogan
204 East Market Street
Louisville, KY 40202
*Counsel for Plaintiff/Judgment Creditor*

**THIS INSTRUMENT PREPARED BY:**

MORGAN & POTTINGER, P.S.C.

Kathryn Hogan
204 East Market Street
Louisville, KY  40202
502-560-6700
*Counsel for Plaintiff/Judgment Creditor*

Document No.: DN2011013637
Lodged By: morgan and pottinger
Recorded On:    01/28/2011        12:07:18
Total Fees:                    .00
Transfer Tax:
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

**THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
10-00968 - vjlx.frm -V:0

Exhibit G

LB01495PG0306

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
6 DIVISION
CIVIL CASE NO. 14-CI-01753

NOTICE OF JUDGMENT LIEN ON REAL ESTATE

JUDGMENT DEBTOR:                     JUDGMENT CREDITOR:
DONNA M WARREN                              FFS, INC.

                                     JUDGMENT AMOUNT:    $11059.12
                                     plus accrued
                                     interest through: May 01, 2014
                                     in the amount of:    $2972.39
                                     INTEREST RATE:       9.890%
                                     FROM:              May 16, 2014
                                     ATTORNEY FEES:       $300.00

The filing of this Notice in the County clerk's office below

acts as a lien upon all real estate in that County, in which the

Judgment Debtor has any ownership interest.

TO THE CLERK OF THE COUNTY STATED BELOW:

Pursuant to KRS 426.720, you shall immediately enter this

Notice of Judgment Lien in the lis pendens records of your office,

to act as a lien upon all real estate in your County in which the

above JUDGMENT DEBTOR has any ownership interest.  You shall note

your entry upon the original of this Notice, and return a copy

thereof to the attorney for Judgment Creditor whose name and address

are below.

TO: JEFFERSON County Clerk

                          NOTICE TO JUDGMENT DEBTOR, YOU MAY

                          BE ENTITLED TO AN EXEMPTION UNDER

                          KRS 427.060 REPRINTED BELOW.  IF YOU

                          BELIEVE YOU ARE ENTITLED TO ASSERT

                          AN EXEMPTION, SEEK LEGAL ADVICE.

Exhibit H

LB01495PG0307

KRS 427.060: "In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand ($5,000.00) Dollars in value, in real or personal property that such debtor or a dependant of such debtor uses as a permanent residence in this State, or in a burial plot for such debtor or a dependant at such debtor is exempt from sale under execution, attachment or judgment, execpt to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon."

This Instrument was prepared and submitted by:

WELTMAN, WEINBERG & REIS CO., L.P.A.

_____
James T. Hart, 92054
525 Vine Street, Suite 800
Cincinnati, Ohio 45202
(513) 723-2200

20453882 C E Cin PFR

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Judgment Lien has been mailed by regular U. S. Mail, postage pre-paid to:

DONNA M WARREN
401 REVOLUTIONARY RD
LOUISVILLE, KY 40214

on this _21st_ day of, _May, 2014_.

_____
James T. Hart, 92054
Attorney for Plaintiff
525 Vine Street, Suite 800
Cincinnati, OH 45202
(513)-723-2200
FAX: 513-723-2239
CINATTY@WELTMAN.COM

Document No.: DH3014068993
Lodged By: WELTMAN WEINBERG REIS
Recorded On: 05/23/2014 12:44:31
Total Fees: 13.00
Transfer Tax: .00
County Clerk: BOBBIE HOLSCLAW JEFF CO KY
Deputy Clerk: KRHG

This law firm is a debt collector attempting to collect a debt for our client and any information obtained will be used for that purpose.

## END OF DOCUMENT

CLE P09730 A VRS

LB01551PG0858

2
JUD

COMMONWEALTH OF KENTUCKY
IN THE JEFFERSON COUNTY DISTRICT COURT
DIVISION
------
CASE NO. 13C011490·DIV 2

Judgment Creditor              Judgment Debtor(s)
TD Bank USA, N.A.
 As Successor In Interest To Target National Bank
                                   Donna G. Warren
                                   AKA Donna Marie Warren
                                   7725 3rd Street Rd
                                   Louisville, KY 40214-5511

SS# ███████
SS#  - -

Judgment Amount:     $2,316.46

Date of Judgment:   December 3, 2014

Interest Rate: 12.00% from: December 3, 2014

Probable Court Cost:  $188.50

Attorney Fees:      $0.00

## NOTICE OF JUDGMENT LIEN ON REAL ESTATE

PURSUANT TO KRS 426.720, FILING OF THIS NOTICE IN THE COUNTY CLERK'S OFFICE SHALL ACT AS A LIEN UPON ALL REAL ESTATE IN THE COUNTY IN WHICH THE JUDGMENT DEBTOR(S) HAVE ANY OWNERSHIP INTEREST.

TO: THE CLERK OF THE JEFFERSON COUNTY DISTRICT COURT:

In accordance with KRS 426.720, you shall immediately enter this Notice of

Judgment Lien in the lis pendens record of your office, to act as a lien upon

all real estate in your county in which the above Judgment Debtor(s) have any

ownership interst. You shall note your entry upon the original of this Notice,

and return a copy thereof to the attorney for Judgment Creditor whose name and

address are below.



Exhibit I

LB0155IPG0859

IMPORTANT LEGAL NOTICE TO JUDGMENT DEBTOR(S):

You may be entitled to an exemption under KRS 427.060, reprinted below. If you
believe you are entitled to assert an exemption, seek legal advise.

KRS 427.060: "In addition to any exemption of personal property, an individual
debtor's aggregate interest, not to exceed five thousand dollars ($5,000) in
value, in real or personal property that such debtor or a dependant of such
debtor uses as a permanent residence in this state, or in a burial plot for
such debtor or a dependant of such debtor is exempt from sale under execution,
attachment or judgment, exempt to foreclosure a mortgage given by the owner of
a homestead for purchase money due thereon. This exemption shall not apply
if a debt or liability existed prior to the purchase of the property or the
erection of the improvements thereon."

CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Judgment Lien was mailed to the last
known address listed above for the Judgment Debtor(s) and to the circuit clerk by
regular U.S. Mail postage pre-paid on the _3rd_ day of _February_, 20_15_

Respectfully submitted,

Robert K. Hogan, 88285
Robert K. Hogan, #88285
Attorneys for Plaintiff
Javitch Block LLC
1100 Superior Ave, 19Th Floor
Cleveland OH 44114-2518
(216) 623-0000
CLE@JBANDR.COM
FAX 216-623-0190

Prepared by:

Robert K. Hogan, 88285
Robert K. Hogan, #88285
Attorney for Plaintiff
Javitch Block LLC
1100 Superior Ave, 19Th Floor
Cleveland OH 44114-2518
KJLIEN01 r 12.28.07

Document No.: DN2015015492
Lodged By: javitch block rathbone
Recorded On: 02/06/2015   09:58:25
Total Fees:              13.00
Transfer Tax:              .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: SHESCH

END OF DOCUMENT

≈JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

DONNA M. WARREN, ET AL.

County of Residence of First Listed Defendant    JEFFERSON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☑ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☑ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345

Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**
$220,920.57

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes  ☑ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE                                    DOCKET NUMBER

DATE
10/30/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT #               AMOUNT                 APPLYING IFP                 JUDGE                 MAG. JUDGE

# United States District Court

### _____ WESTERN _____ DISTRICT OF _____ KENTUCKY _____
### AT LOUISVILLE

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  3:18-cv-717-RGJ

**v.**

Donna M. Warren, et al.

**TO:**   (Name & Address of Defendant)

DONNA M. WARREN
9616 Fairmont Road
Louisville, KY 40291-3128

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                                     DATE

_____
**(BY) DEPUTY CLERK**

3:18-cv-717-RGJ                    **RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

3:18-cv-717-RGJ                  **STATEMENT OF SERVICE FEES**

| Travel  N/A | Services | Total |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____        _____
                          Date                                     Signature of Server

---

[1]   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT LOUISVILLE**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   3:18-cv-717-RGJ

**v.**

Donna M. Warren, et al.

**TO:**   (Name & Address of Defendant)

CASHLAND FINANCIAL SERVICES, INC.
SERVE: Morgan & Pottinger, P.S.C.
204 East Market Street
Louisville, KY 40202

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                              DATE


_____
**(BY) DEPUTY CLERK**

3:18-cv-717-RGJ                    **RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐  Returned unexecuted:

_____
_____
_____

☐  Other (specify):

_____
_____
_____

---

3:18-cv-717-RGJ              **STATEMENT OF SERVICE FEES**

| Travel  N/A | Services | Total |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on     _____          _____
                        Date                                   Signature of Server

---

[1]        **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____WESTERN_____ DISTRICT OF _____KENTUCKY_____
AT LOUISVILLE

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   3:18-cv-717-RGJ

**v.**

Donna M. Warren, et al.

**TO:**   (Name & Address of Defendant)

CASHLAND FINANCIAL SERVICES, INC.
SERVE: Corporation Service Company
421 West Main Street
Frankfort, KY 40601

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____       _____
**CLERK**                                                                        DATE

_____
**(BY) DEPUTY CLERK**

3:18-cv-717-RGJ                **RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

3:18-cv-717-RGJ                **STATEMENT OF SERVICE FEES**

| Travel  N/A | Services | Total |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on     _____          _____
                            Date                                          Signature of Server


---
[1]    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

<u>        WESTERN        </u>        DISTRICT OF        <u>        KENTUCKY        </u>
### AT LOUISVILLE

United States of America                    **SUMMONS IN A CIVIL CASE**

                                            CASE NUMBER:  3:18-cv-717-RGJ

            **v.**

Donna M. Warren, et al.


**TO:**      (Name & Address of Defendant)

        FFS, INC.
        SERVE: James T. Hart, Attorney
        525 Vine Street, Suite 800
        Cincinnati, OH 45202


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)


        William F. Campbell
        Assistant U.S. Attorney
        United States Attorney's Office
        717 West Broadway
        Louisville, KY  40202


an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.


_____                    _____
**CLERK**                                            **DATE**


_____
**(BY) DEPUTY CLERK**

3:18-cv-717-RGJ                    **RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

3:18-cv-717-RGJ                **STATEMENT OF SERVICE FEES**

| Travel  N/A | Services | Total |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____          _____
                           Date                                           Signature of Server

_____

[1]       As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT LOUISVILLE**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  3:18-cv-717-RGJ

**v.**

Donna M. Warren, et al.

**TO:**   (Name & Address of Defendant)

FFS, INC.
SERVE: David Flick, Registered Agent
2844 Crescent Spring Road
Erlanger, KY 41018

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____ twenty-one (21) _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
**CLERK**

_____
**DATE**

_____
**(BY) DEPUTY CLERK**

3:18-cv-717-RGJ                    **RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

3:18-cv-717-RGJ            **STATEMENT OF SERVICE FEES**

| Travel  N/A | Services | Total |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on     _____          _____
                              Date                                     Signature of Server

_____

[1]        **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN**      **DISTRICT OF**      **KENTUCKY**
**AT LOUISVILLE**

United States of America

     **v.**

Donna M. Warren, et al.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:    3:18-cv-717-RGJ

**TO:**    (Name & Address of Defendant)

TD BANK USA, N.A., in Successor in
Interest to Target National Bank
SERVE: Robert K. Hogan, Attorney
Javitch Block LLC
1100 Superior Avenue, 19th Floor
Cleveland, OH 44114-2518

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____          _____
**CLERK**                                           DATE

_____
**(BY) DEPUTY CLERK**

3:18-cv-717-RGJ          **RETURN OF SERVICE**

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐  Returned unexecuted:

_____
_____
_____

☐  Other (specify):

_____
_____
_____

3:18-cv-717-RGJ          **STATEMENT OF SERVICE FEES**

| Travel  N/A | Services | Total |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on _____    _____
                          Date                                Signature of Server

_____

[1]          **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**